UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYLER R SCOTT,

    Plaintiff,

v.                                                   Case No. 3:23cv8882-TKW-HTC

CORY SETTELMIRE,
HEVEN TROPOLI,
CEURRA ALLEN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tyler R. Scott, a prisoner proceeding *pro se*, initiated this action on April 21, 2023, by filing a civil rights complaint purporting to state a claim under 42 U.S.C. § 1983. ECF Doc. 1. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE because Plaintiff (1) failed to truthfully disclose his prior litigation history; (2) is a three-striker and, thus, is barred from proceeding *in forma pauperis*; and (3) failed to pay the requisite filing fee upon initiating this suit.

**I.**     **FAILURE TO TRUTHFULLY DISCLOSE PRIOR LITIGATION**

As an initial ground for dismissal, Plaintiff failed to truthfully disclose his prior litigation history on the § 1983 complaint form he used to file the suit. At the

end of the complaint form, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." ECF Doc. 1 at 11. Despite that declaration, Plaintiff made several false representations in Section VIII of the complaint form.

First, Plaintiff failed to identify all cases he has filed which were dismissed on a basis constituting a strike under § 1915(g). Although Plaintiff admitted he has had a case dismissed as a "strike", he identified only one case, 6:22-cv-1902-CFM-DAB.[1] An independent review of Defendant's litigation history on PACER reveals that Plaintiff has had **two other** cases dismissed as a "strike": (1) *Scott v. State Of Florida*, 6:23-cv-00240 (M.D. Fla. 2023), which was dismissed for failure to state a claim and as "frivolous"; and (2) *Scott v. Aramark*, 3:22-cv-22212-LC-HTC (N.D. Fla. 2022), which was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted. Thus, in total, Plaintiff has had **three** cases which constitute a strike.

Second, Plaintiff failed to identify his complete litigation history because he checked "No" to the question asking "Have you filed other lawsuits in state or

---

[1] It appears that when Plaintiff filed the complaint, he failed to include page 8 of the complaint, which starts Section VIII of the complaint form and includes a definition of the strike. Even though Plaintiff failed to include that page in his filing, it is clear he had the page and knew the definition of a "strike" since he checked "Yes" to the question of whether he has had any cases dismissed for a reason listed in § 1915(g) which counts as a "strike" *and* this is not the first time Plaintiff has used this complaint form. Moreover, even if for some reason page 8 was missing from Plaintiff's copy of the complaint form, Plaintiff could have reviewed the statute to obtain the definition of a strike.

Case No. 3:23cv8882-TKW-HTC

federal court otherwise relating to the conditions of your imprisonment?" and failed to identify *any* prior suits. Again, based on the Court's independent investigation into Plaintiff's litigation history, in addition to the strikes identified above, the Court identified the following cases that Plaintiff has filed: (1) *Scott v. Gulf Correctional Institution*, 3:22-cv-22211-LC-HTC (§ 1983 complaint about verbal abuse by prison staff which was transferred and became *Scott v. Gulf Correctional Institution*, 5:22-cv-00255-MCR-MJF and is still pending); (2) *Scott v. Dwight*, 3:23-cv-03469-MCR-HTC (§ 1983 case about Okaloosa CI officials allegedly taking away Plaintiff's visitation for 12 months and issuing spurious disciplinary reports); and (3) *Scott v. Small*, 3:23-cv-04494-AW-ZCB (§ 1983 case about use of chemical agent at Okaloosa CI). Plaintiff failed to disclose any of these cases on the complaint form.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "**Failure to disclose all prior cases may result in the dismissal of this case.**" ECF Doc. 1 at 11 (emphasis in original). Nonetheless, Plaintiff made at least three false representations in his complaint. If Plaintiff suffered no penalty for his untruthful response, there would

be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of

the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## II.  THREE-STRIKER STATUS

As an additional and independent ground for dismissal, and as set forth above, Plaintiff has had at least three (3) actions which qualify as strikes under 28 U.S.C. § 1915(g) and, thus, Plaintiff is barred from proceeding *in forma pauperis*.

28 U.S.C. § 1915(g) specifically provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff, however, is not under such imminent danger. Instead, Plaintiff, who

is now housed at Holmes Correctional Institution, complains about past sexual harassment at Okaloosa Correctional Institution rather than any imminent danger at Holmes CI. These allegations are insufficient to satisfy the imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute"); *see also Brown*, 387 F.3d at 1349 (finding that the imminent danger exception to § 1915(g) requires "a present imminent danger, as opposed to a past danger"). Plaintiff is thus not entitled to proceed *in forma pauperis* under the imminent danger exception to § 1915(g).

Dismissal is appropriate when a 3-striker fails to pay the filing fee at the time he files suits. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's abuse of the judicial process and because he is a three-striker under 28 U.S.C. § 1915(g) who failed to pay the filing fee at the time of filing suit.

2. The clerk be directed to close this file.

At Pensacola, Florida, this 1st day of May, 2023.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.